IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Paul Benjamin Goist, #53614-060, ) | |
| ) | C.A. No. 0:07-2928-HMH-BM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| United States of America; ) | |
| United States District Court, Northern ) | |
| District of Ohio, Eastern Division; and ) | |
| John/Jane Doe, Statutory Agent Officers, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. Paul Benjamin Goist ("Goist") is a pro se federal prisoner who alleges that he gave the sentencing court and/or its agents "Subrogation/Diversity Surety Bonds" allegedly valued at $480,000,000.00 "to discharge liability of the accounts . . . ." (Compl. 3.) Goist claims that "the federal court in Ohio and its administrators/agents, the 'Does', have been 'unjustly enriched' by an annual 10% return of interest on these bonds that, apparently according to Plaintiff, should have gone to him." (Report and Recommendation 1.) Magistrate Judge Marchant recommends dismissing this case "without prejudice and without issuance and service of process for lack of subject matter jurisdiction and frivolity." (Id. 10.) Further, Magistrate Judge Marchant recommends that the case be deemed a "strike" under the three strikes rule set forth in 28

1

U.S.C. § 1915(g). Goist filed objections to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Goist's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. To the extent Goist objects to the Magistrate Judge's finding that no subject matter jurisdiction exists in this case, the court agrees with the Magistrate Judge and finds that no subject matter jurisdiction exists. Further, the court finds that this case is frivolous.

Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation.

It is therefore

**ORDERED** that Goist's complaint is dismissed without prejudice and without issuance and service of process. It is further

**ORDERED** that this case is deemed a "strike" for purposes of the three strikes rule of 28 U.S.C. § 1915(g). It is further

**ORDERED** that Goist's motion to change venue, docket number 17, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 9, 2007

### NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3